UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

BENJAMIN AGUILAR VASQUEZ

    Plaintiff,

vs.

271 HIALEAH AUTOMOTIVE CORP.,
a Florida Profit Corporation, and
JULIO C. RIVERO, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff BENJAMIN AGUILAR VASQUEZ (hereinafter "Plaintiff") by and through his undersigned attorney, hereby sues Defendants 271 HIALEAH AUTOMOTIVE CORP., a Florida Profit Corporation (hereinafter "HIALEAH AUTOMOTIVE") and JULIO C. RIVERO, individually (hereinafter "RIVERO") (collectively "Defendants") and states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid overtime committed by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and

because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendants are subject to personal jurisdiction there.

4. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

## PARTIES

5. During all times relevant to this Complaint, Plaintiff was employed by Defendants from on or about June 22, 2022, through on or about September 28, 2022, as a mechanic. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. HIALEAH AUTOMOTIVE is a Florida Profit Corporation organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida. HIALEAH AUTOMOTIVE has its principal place of business in Hialeah, Florida. HIALEAH AUTOMOTIVE had, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. HIALEAH AUTOMOTIVE is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. Specifically, HIALEAH AUTOMOTIVE is a company that specializes in auto repair and sells and distributes tires and other auto vehicular parts which are shipped nationwide.

9. At all times material to this Complaint, HIALEAH AUTOMOTIVE has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or material

that have been moved in or produced for commerce as fabrics, materials, and components for window decoration.

10. HIALEAH AUTOMOTIVE upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

11. Defendant RIVERO is an owner and exercised operational control over the activities of corporate Defendant, HIALEAH AUTOMOTIVE.

12. Defendant RIVERO acted directly in the interest of his company, HIALEAH AUTOMOTIVE. Upon all available information, RIVERO controlled the manner in which Plaintiff performed his work, and the pay he was to receive.

13. All Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

14. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

15. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked more than forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

16. Plaintiff was employed by Defendants from on or about June 22, 2022, through on or about September 28, 2022, as a mechanic. During his employment, Plaintiff's primary duties were performing manual labor and mechanical work.

17. Based on the information currently available to Plaintiff, Defendant was paid a salary of $1,900.00 every 2 weeks.

18. During Plaintiff's employment, Plaintiff was scheduled to work regularly at least ten (10) hours, Monday- Friday and six (6) hours on Saturday. Accordingly, during the course of his employment, Plaintiff regularly worked at least fifty-six (56) hours per work week.

19. Furthermore, on September 28, 2022, Plaintiff was terminated from his employment. Plaintiff's last paycheck was due on or before October 7, 2022.

20. On October 8, 2022, Santa Cruz advised Plaintiff that he was not paying him his last check because he allegedly did not perform his work properly.

21. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

22. Defendants and their representatives knew that Plaintiff was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

23. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

24. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

25. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
### VIOLATION OF FLSA/OVERTIME against HIALEAH AUTOMOTIVE

26. Plaintiff, re-alleges and reaffirms paragraphs 1 through 22 as if fully set forth herein.

27. This action is brought by Plaintiff to recover from Defendant HIALEAH AUTOMOTIVE unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207

(a)(1) states "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

28. Since the commencement of Plaintiff's employment, HIALEAH AUTOMOTIVE has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by having employees working for longer than forty (40) hours without properly compensating them for all hours overtime hours at a rate not less than one- and one-half times their regular rate.

29. Specifically, throughout his employment Plaintiff worked over forty (40) hours during some of the workweeks in which he was employed.

30. HIALEAH AUTOMOTIVE is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). HIALEAH AUTOMOTIVE's business activities involve those to which the Fair Labor Standards Act applies.

31. Specifically, HIALEAH AUTOMOTIVE is a Florida Profit Corporation that specializes in auto repair and sells tires and other auto vehicular parts.

32. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed was a mechanic and performed manual labor at the Defendants' shop where the primary business is vehicle repair.

33. HIALEAH AUTOMOTIVE has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

34. By reason of the said intentional, willful, and unlawful acts of HIALEAH AUTOMOTIVE, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

35. Plaintiff seeks to recover for unpaid wages accumulated during his employment which was within three (3) years of the filing of this complaint.

36. As a result of HIALEAH AUTOMOTIVE's willful violations of the Act, Plaintiff is entitled to liquidated damages.

37. Plaintiff has retained the undersigned counsel to represent he in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from HIALEAH AUTOMOTIVE.

WHEREFORE, Plaintiff respectfully prays for the following relief against HIALEAH AUTOMOTIVE:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### VIOLATION OF FLSA/OVERTIME against RIVERO

38. Plaintiff, re-alleges and reaffirms paragraphs 1 through 25 as if fully set forth herein.

39. At the times mentioned, Defendant RIVERO was, and is now, a corporate officer of corporate

Defendant, HIALEAH AUTOMOTIVE.

40. RIVERO was an employer of Plaintiff within the meaning of Section 3(d) of the Fair Labor Standards Act [29 U.S.C. § 203(d)], in that RIVERO acted directly in the interests of HIALEAH AUTOMOTIVE in relation to its employees including Plaintiff.

41. Specifically, RIVERO is the company's owner and supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

42. RIVERO had operational control of the business and is thus jointly liable for Plaintiff's damages.

43. Defendant RIVERO willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

44. By reason of the said intentional, willful and unlawful acts of RIVERO, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

45. As a result of RIVERO's willful violations of the Act, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant RIVERO:

  A. Adjudge and decree that RIVERO has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

  B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

  C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, BENJAMIN AGUILAR VASQUEZ demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: January 31, 2023

By: */s/ Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
Jocelyn R. Rocha, Esq.
Fla. Bar No. 1039302
Email: jocelyn@peregonza.com
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com
**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive,
Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200